

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 24, 1968

Honorable W.C. Lindsey
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas   77701

Dear Mr. Lindsey:

Opinion No. M-246

Re: Whether police "reserve"
officers may be legally con-
stituted otherwise than under
Art. 1269m, V.C.S. and related
questions?

The City of Port Arthur Police Department is under the
State Civil Service Act, Article 1269m, V.C.S.   To supple-
ment and assist the regular police force the City has by ordi-
nance No. 2859 attempted to provide for a police "reserve"
force.   Members of the police "reserve" force are appointed
by the Chief of Police, and are unpaid volunteers.   You are
concerned with your duties of law enforcement over police
reservists bearing arms and making arrests, etc. and have
asked the following questions concerning this situation:

(1)   In view of the City having adopted Article 1269m
V.C.S., may police "reserve" officers be legally con-
stituted on a basis other than under the terms and re-
quirements of that law?

(2)   If police "reserve" officers may not be otherwise
constituted than under Article 1269m, may they be con-
stituted thereunder by a special classification having
only part-time duties of a supplementary or auxiliary
nature but having full police power and authority?

(3)   Does Article 1583-2, Texas Penal Code, requiring
minimum monthly pay for police officers, apply to
"reserve" officers as presently constituted or if
constituted under the Civil Service Law, and is the
minimum pay to be provided without respect to number
of hours worked in a month?

(4)   Do the exceptions under Article 484, Texas Penal
Code, include "reserve" officers as presently con-

stituted, or must the reserve officer be compensated at least $40.00 monthly as a special policeman?

(1) In answer to Question 1, it is the opinion of this office that a city which has adopted Article 1269m and placed its regular police force under the provisions of this act is without authority to create a police "reserve" unless all members of such "reserve" are incorporated within the framework and protection of Article 1269m. Article 1269m, Section 8, provides, in part, as follows:

> "The Commission shall provide for the classification of all firemen and policemen. Such classification shall be provided by ordinance of the City Council, or legislative body. Said City Council, or legislative body, shall prescribe by ordinance the number of positions of each classification.
>
> No classification now in existence, or that may be hereafter created in such cities, shall ever be filled except by examination held in accordance with the provisions of this law. All persons in each classification shall be paid the same salary and in addition thereto be paid any longevity or seniority pay that he may be entitled to. This shall not prevent the Head of such Department from designating some person from the next lower classification to fill a position in a higher classification temporarily, but any such person so designated by the Head of the Department shall be paid the base salary of such higher position plus his own longevity pay during the time he performs the duties thereof. The temporary performance of the duties of any such position by a person who has not been promoted in accordance with the provisions of this Act shall never be construed to promote such person. All vacancies shall be filled by permanent appointment from eligibility lists furnished by the Commission within ninety (90) days after such vacancy occurs.
>
> Firemen and policemen shall be classified as above provided, and shall be under civil service protection except the Chief or Head

of such Fire Department or Police Department, by whatever name he may be known." (Emphasis added.)

Section 9 of the statute provides, in part, as follows:

"The Commission shall make provisions for open, competitive and free examinations for persons making proper application and meeting the requirements as herein prescribed. All eligibility lists for applicants for original positions in the Fire and Police Departments shall be created only as a result of such examinations, and no appointments shall ever be made for any position in such Departments except as a result of such examination, which shall be based on the applicant's knowledge of and qualifications for fire fighting and work in the Fire Department, or for police work and work in the Police Department, as shown by competitive examinations in the presence of all applicants for such position, and shall provide for thorough inquiry into the applicant's general education and mental ability." (Emphasis added.)

In City of San Antonio v. Hahn, 274 S.W.2d 162 (Tex.Civ. App. 1955, error ref., n.r.e.), this statute was held to be such a comprehensive law as to cover everyone in the police department of cities adopting the Act. Therefore, the city's ordinance is without lawful effect in providing as it did for such "reserve" police force.

(2) In answer to Question 2, it is the opinion of our office that under Article 1269m one classification could be a classification having only part-time duties of a supplementary or auxiliary nature but having full police power and authority, provided however, the officers in such classification must be paid in accordance with Article 1583-2, Texas Penal Code.

(3) In answer to Question 3, you are advised that it is the opinion of this office that if a city has adopted Article 1269m, and it has created a police reserve with all members of such a group being incorporated with the framework and protection of Article 1269m, then Article 1583-2 would require

that such police reserve be paid the minimum monthly salary of $195.00 per month. Although the city could determine the number of hours every policeman should work each month, the City would be required to pay the minimum salary regardless of the number of hours worked by any policeman.

(4) In answer to Question 4, it is our opinion that these "reserve" officers must be either a "peace officer" or a "special policeman" as named in Article 484. If these officers are peace officers and if, as you advise, the City of Port Arthur has adopted Article 1269m, then they would be entitled to all of the benefits arising to police officers thereunder, including a minimum salary of $195.00 per month as provided by Article 1583-2. In this event, Article 484 would not prohibit the carrying of weapons by these individuals.

On the other hand, if the "reserve" officers are "special policemen," Article 484 would prohibit the carrying of weapons by individuals unless they received compensation of $40.00 or more per month for their services as such officers.

It is our further opinion that the provisions of Articles 1269m and 1583-2 do not apply to individuals summoned by the Mayor under Article 995 or under a similar provision contained in the charter of a Home Rule City, but that under Article 484 persons so summoned must be compensated at the rate of $40.00 monthly in order to legally carry the arms which are prohibited by Article 483, Texas Penal Code.

Article 995, V.C.S., is applicable only to general law cities, and provides:

> "Whenever the mayor deems it necessary, in order to enforce the laws of the city, or to avert danger, or to protect life or property, in case of riot or any outbreak or calamity or public disturbance, or when he has reason to fear any serious violation of law or order, or any outbreak or any other danger to said city, or the inhabitants thereof, he shall summon into service as a special police force, all or as many of the citizens as in his judgment may be necessary. Such summons may be by proclamation or other order addressed to

the citizens generally or those of any ward of the city, or subdivision thereof, or may be by personal notification. Such special police force while in service, shall be subject to the orders of the mayor, shall perform such duties as he may require, and shall have the same power while on duty as the regular police force of said city."

In the case of home rule cities, such as the City of Port Arthur, the source of legal authority is the charter. Article II, Section 16, of the Port Arthur City Charter is worded similarly to Article 995 and gives the Mayor substantially the same power.

## S U M M A R Y

A city which has adopted Article 1269m, V.C.S. (Civil Service Act) and placed its regular police force under this act is without authority to create a police "reserve", unless such reserve is constituted under and strictly in accordance with Article 1269m.

The only special classification for police officers other than one placed within the framework of the regular police force of a city that has adopted Article 1269m is a special police force that may be summoned by the Mayor in times of emergency as provided by law. Article 995, V.C.S., or a city charter conferring such power, gives the Mayor the authority to summon citizens into service as special policemen in time of emergency. When these special police are in service they have the same power as the regular police force; and Article 484 of the Texas Penal Code requires that they must be paid the minimum of $40.00 per month if they are to carry firearms. When a city has adopted Article 1269m, Article 1583-2 of the Texas Penal Code requires that the city pay all policemen covered by 1269m a minimum salary of $195.00 per month regardless of the number of hours worked.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

- 1198 -

Prepared by Ronald Luna
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Harold Kennedy
Robert Owen
Jim Vollers
Alfred Walker

EXECUTIVE ASSISTANT
A.J. CARUBBI, JR.